

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

June 5, 1948

Hon. C. E. Belk, Administrator
Board of Plumbing Examiners
Austin, Texas   Opinion No. V-599.

       Re: Legality of a public
         service company's pip-
         ing a building for
         natural gas without
         a State plumbing li-
         cense.

Dear Mr. Belk:

   We quote from your recent request for an opin-
ion in part as follows:

   "Under Section 3, paragraph (c) of
Senate Bill 188, 50th Legislature, (The
Plumbing License Law of 1947) a public
service company is exempt from the license
requirement in the laying, maintenance and
operation of its service mains or lines
and the installation, alteration, adjust-
ment, repair, removal and renovation of
all types of appurtenances, equipment and
appliances. The question has been raised
as to whether or not this gives to these
companies the permission to pipe houses
for natural gas. This house piping could
apply to either new construction or re-
modeled construction." (Parenthetical ad-
dition ours)

   The exemption to which you refer reads:

   "Sec. 3. The following acts, work
and conduct shall be expressly permitted
without license:

   "(c) . . . plumbing work done by per-
sons engaged by any public service company
in the laying, maintenance and operation
of its service mains or lines and the in-
stallation, alteration, adjustment, repair,

Hon. C. E. Belk, Page 2,   V-599,

> removal and renovation of all types of ap-
> purtenances, equipment, and appliances;
> . . ."

At the outset, we would note that the exemp-
tion with which we are concerned refers only to "per-
sons engaged by any public service company." This De-
partment held in Opinion V-333 that only a natural per-
son may be issued any license authorized by the Plumb-
ing License Law of 1947. A license cannot be issued to
a firm or corporation as such. Therefore, what we have
to say hereafter with reference to the exemption about
which you have inquired will be pertinent to the employ-
ees of public service companies, and not to the companies
themselves as such.

The exemption we are concerned with, being
that extended to public service company employees, em-
bodies two expressions of exempted work or conduct. The
first is "in the laying, maintenance and operation of its
service mains or lines"; the second refers to "the instal-
lation, alteration, adjustment, repair, removal and reno-
vation of all types of appurtenances, equipment and ap-
pliances."

With respect to the laying, maintenance and
operation of service mains and lines, such an expression
of authority indicates that the employees may do what-
ever is necessary to service the customers of the pub-
lic service company and to facilitate and accomodate the
distribution of the product that it has for sale in so
far as the employee confines his conduct to the service
mains and lines of the company. The authorization of ex-
empted work on service mains and lines does not extend
to piping the consumer's house or building for consump-
tion of the gas, as there is no logical or practical con-
nection, that we can observe, of such activity with ser-
vicing the mains or lines of the company. It is our view,
therefore, that any further service by the employees of
the public service company in piping the house or build-
ing for the consumer is a departure from the authorized
exempted conduct allowed to such employees.

The second expression of authorized exempted
conduct, which refers to the installation, alteration,
adjustment, repair, removal and renovation of appurten-
ances, equipment and appliances, is, for all practical
purposes, the same authorization as that granted in the
exemption to appliance dealers. We attach no signifi-
cance to the fact that the several terms "appurtenances,

Hon. C. E. Belk, Page 3, V-599.

equipment and appliances" are used. In our Letter Opinion R-914, dated December 6, 1947, addressed to your office, we used the following language:

"The grant of authority to install appliances carries with it the power to do all that is necessary to render the appliance usable or serviceable for its intended purpose, which will include a union with or extension to the base piping installation on the premises in whatever position it may be found by the appliance dealer or his employee, if necessary to render the appliance serviceable. We do not restrict appliance installation to the mere application of a 'union joint' to the appliance, and the attachment by that means to a pipe outlet extending from the wall, although in a given situation that may be all that is necessary to install the appliance."

The authority "to do all that is necessary to render the appliance usable or serviceable for its intended purpose" does not grant authority to pipe the house or building.

### SUMMARY

The exemption provided for employees of public service companies from the license provision of The Plumbing License Law of 1947, Acts 50th Leg., S. B. 188, does not grant such employees authority to pipe a house or building without having a State plumbing license.

Yours very truly,

APPROVED:

ATTORNEY GENERAL OF TEXAS

Price Daniel

ATTORNEY GENERAL.

By

Dean J. Capp

Dean J. Capp
Assistant

JC:jmc